IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*IN RE:*

ZILKHA BIOMASS SELMA, LLC,

CASE NO.: 21-20043-JCO
CHAPTER 7

DEBTOR.

## MEMORANDUM ORDER AND OPINION

This matter came before the Court on the Motion of C. Terry Hunt Industries, Inc. ("Hunt Industries") for a Determination that the Automatic Stay Does Not Apply to Pending State Court Co-Defendants ("Motion for Relief")(doc. 92), the Reply of Zilkha Biomass Selma, LLC ("Debtor")(doc. 106), the Motion to Extend Stay ("Motion to Extend") filed by the Debtor, Zilkha Biomass Fuels I, LLC ("Zilkha Fuels I"), NextGen Black Pellets, LLC ("NextGen"), Zilkha Biomass Fuels LLC ("Zilkha Fuels"), and Zilkha Biomass Energy LLC ("Zilkha Energy"), (collectively, the Zilkha Defendants) (doc.107) and Hunt's Reply (doc.116). Proper notice of hearing was given and appearances were noted by Attorney Evan Nicholas Parrott as counsel for the Zilkha Defendants, Attorney Ward Stone Jr. as counsel for Hunt Industries, Mark Zimlich, the Bankruptcy Administrator and Terrie Owens, the Chapter 7 Trustee. Having considered the pleadings, the briefs, the record and the arguments of the parties, the Court finds that the Motion for Relief is due to be GRANTED and the Motion to Extend is due to be DENIED for the following reasons:

1

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

## FACTS

The Debtor,  a Delaware Limited Liability Company, filed this Chapter 7 bankruptcy on March 15, 2021.   Approximately a year before the bankruptcy, on February 20, 2020, Hunt Industries filed a lawsuit in Dallas County, Alabama, styled, *C. Terry Hunt Industries, Inc. v Zilkha Biomass Selma, LLC et al.*, CV 2020-900048 ("Lawsuit"). (Doc.  92. at 4).  The Defendants in the lawsuit included  the Debtor, Zilkha Biomass Selma, LLC and non-debtors: Zilkha Biomass Fuels I, LLC ("Zilkha Fuels I"), NextGen Black Pellets LLC ("NextGen"), Zilkha Biomass Fuels, LLC ("Zilkha Fuels"), and Zilkha Biomass Energy, LLC ("Zilkha Energy")[1], the Alabama State Port Authority and the Industrial Board of the City of Selma. (*Id.)*  The Lawsuit claims related to: (i) enforcement of a mechanic's and materialman's lien against the Debtor and the Co-Defendants against the leasehold interests and relevant improvements; (ii) breach of contract against the Debtor and the Zilkha Defendants; (iii) work and labor done and (iv) unjust enrichment/quantum meruit. Zilkha Fuels I is 99% shareholder of the Debtor (doc.2) and Zilkha Energy and Zilkha Fuels cancelled their corporate existence and withdrew their corporate registration to do business in Alabama before this bankruptcy was filed. (Doc. 107 at 2).

---

1 For ease of reference the term "Zilkha Defendants" is used herein to collectively describe the following non-debtor entities:   Zilkha Fuels I, NextGen, Zilkha Fuels and Zilkha Energy.

# **CONCLUSIONS OF LAW**

The issue presented is whether the automatic stay should be extended to the State Court Co-Defendants of a Chapter 7 bankruptcy debtor. In a chapter 7 bankruptcy, it is generally recognized that only the debtor is afforded protections of the automatic stay. §362(a)(1). Third-party co-defendants typically are not entitled to such protection. *In re Sunbeam Securities Litigation*, 261 B.R. 534 (S.D. Fla. 2001); *In re First Cent. Fin. Corp.,* 238 B.R. 9 (Bankr. E.D.N.Y. 1999); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446 (3d Cir.1982); *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1491 (9th Cir.1993);*Credit Alliance Corp. v. Williams,* 851 F.2d 119 (4th Cir.1988). Courts have only permitted exceptions to this well-recognized principle in limited instances in which: (1) there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant; and (2) automatic stay protection is considered essential to the debtor's efforts of reorganization. Such "unusual circumstances" are not evident in this case.

### *The Plain Language of the Bankruptcy Code Does Not Support Extending the Automatic Stay to Non-Filing Entities*

Bankruptcy Code Section 362(a) provides that:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title…operates as a stay, applicable to all entities, of – (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title….

11 U.S.C. § 362(a)(1).

The first step in interpreting a statute is to determine whether the statutory language has a plain and unambiguous meaning. *Shotz v. City of Plantation,* 344 F.3d 1161, 1167 (11th Cir. 2003). If the meaning of the words Congress used is clear, we need not resort to legislative history. *Silva–Hernandez v. U.S. Bureau of Citizenship & Immigration Servs.,* 701 F.3d 356, 363 (11th Cir.2012). The plain language of Section 362 states that it prohibits actions "against the debtor". 11 U.S.C. §362. This Court believes such language is sufficiently clear to conclude that the automatic stay is intended to protect the debtor and not non-filing co-defendants in Chapter 7 proceedings. Had Congress intended to broaden the applicability of the automatic stay in Chapter 7 proceedings to other non-filing persons or entities it could have done so. For instance, Section 1301 of the Bankruptcy Code, which is only applicable in Chapter 13 bankruptcy proceedings, provides for a non-filing co-debtor stay as set out therein.[2] 11 U.S.C. §1301. Notably even the scope of Section 1301 is limited to consumer debts. *Id.*

This Court as well many others have interpreted Section §362 consistent with its plain language by declining to extend automatic stay protections to non-debtors in chapter 7 and 11 bankruptcy proceedings. *In re Long, 564 B.R. 750 (*Bankr. S.D. Ala.*2017*)(recognizing co-debtor status only applies to consumer debts under chapters 12 and 13*); In re Williams,* 476 B.R. 329 (Bankr. N.D. Ala. 2012)(noting there is no co-debtor automatic stay in chapter 11 case); *In re E.K.P., Inc.,* 42 B.R. 19, 20 (Bankr. N.D. Ala. 1984)(determining §362(a) does not extend a stay to co-signers and guarantors of chapter 11 debtor and therefore considering relief from stay as to such non-debtors unnecessary); *Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th

---

2  Section 1301 provides in pertinent part, " . . .**(a)** Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless--**(1)** such individual became liable on or secured such debt in the ordinary course of such individual's business; or**(2)** the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title . . .11 U.S.C.A. § 1301 (West)

4

Cir.1988) (stating that the plain language of § 362(a) does not apply to non-debtors ); *In re Crazy Eddie Sec. Litig.,* 104 B.R. 582, 583 (E.D.N.Y.1989) (ruling that "stays pursuant to § 362(a) are limited to debtors and 'do not encompass non-bankrupt co-defendants'"); *Teachers Ins. & Annuity Ass'n of Am. v. Butler,* 803 F.2d 61 (2d Cir.1986)( noting that stays under §362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.); *Lukas, Nace, Gutierrez & Sachs., Chartered v. Havens,* 245 B.R. 180 (D.D.C.2000) (holding that automatic stay did not protect corporate defendant's principal who was not himself a bankruptcy debtor).

The plain language of Section 362 does not support the relief sought by the Zilkha Defendants. In Chapter 7 proceedings, Section 362 imposes the protections of the automatic stay to benefit Debtors. It does not provide a mechanism to extend the stay to non-debtors. Thus, there is no basis in the statutory language of Section 362 to grant the Co-Defendants request to extend a stay and halt the pending state court litigation against them.

### Unusual Or Special Circumstances Do Not Justify Extending The Automatic Stay To The Non-Debtor Entities In This Case

Despite the plain language of §362, some courts have liberalized its application and extended stay protection to non-debtors in rare instances involving unusual circumstances. *Dewitt v. Daley, 336 B.R. 552 (*S.D. Fla. 2006)(recognizing that the case law is clear that extending a stay to non-bankrupt co-defendants is done rarely and justified only in unusual circumstances). Such extraordinary relief requires such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant. *Queenie, Ltd. v. Nygard Intern.*, 321 F.3d 282 (2d Cir. 2003). Courts granting such relief, normally only do so when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate . *Queenie Ltd* at 287.

5

The purpose behind including non-debtors within the stay provided by §362(a)(1) is to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts. *See In re United Health Care Org.,* 210 B.R. 228, 234 (S.D.N.Y.1997) (staying creditor suits against non-debtors where those actions would harm the reorganization effort); *In re Continental Airlines,* 177 B.R. 475 at 479(D. Del. 1993) (staying litigation that would adversely affect the debtor's "ability to pursue a successful plan of reorganization under Chapter 11"). In *Gray v. Hirsch,* 230 B.R. 239, 243 (S.D.N.Y.1999). Hence, the question is whether the action against the non-debtor is sufficiently likely to have a material effect on the Debtor's reorganization efforts. *Id.* at 243 (citing *CAE Indus. Ltd. v. Aerospace Holdings Co.,* 116 B.R. 31, 34 (S.D.N.Y.1990)).

This Court is not convinced that circumstances justifying extension of the automatic stay exist in this case. There is insufficient evidence to conclude that there is such identity between the Co- Defendants and the Debtor, that an adverse ruling against the Zilkha Defendants would amount to a judgment against the Debtor. The Port Authority and the Industrial Board have not set forth any basis for such protection and it is undisputed that the Debtor and the Zilkha Defendants are separate and distinct legal entities. (Doc.106 at 6). As support for their position, the Zilkha Defendants seemingly assert that: (1) since the state lawsuit claims stem from a Master Service Agreement signed by the Debtor and Hunt Industries, an adverse judgment against them would amount to an adverse judgment against the Debtor; (2) that the Debtor will likely incur indemnification obligations in connection with the state court lawsuit; and (3) the Debtor, its estate and other interest would be prejudiced by continuation of the state court lawsuit. Such arguments are not persuasive.

This Court does not make any findings on the merits of the state court litigation; however, the record in this case fails to establish that even if a judgment is entered against the Zilkha

Defendants that it would amount to an adverse judgment against the Debtor. First the Debtor's schedules do not list any ownership in any of the Zilkha Defendants[3]. Additionally, the State Court claims against the Zilkha Defendants are not solely based on the Master Service Agreement but also for unjust enrichment/quantum meruit and to enforce mechanic's and materialman's lien[4]. Further, Hunt Industries has alleged that the Zilkha Defendants are obligated based on their own liability rather than in a derivative capacity. (Doc. 117 at 7). Thus, it appears Hunt Industries seeks to pursue direct claims against the Zilkha Defendants independent of the Debtor's contractual obligations. Although the Zilkha Defendants have alleged that the indemnification provision included in the Debtor's Operating Agreement "may" give rise to indemnity, the Court believes the Zilkha Defendants' position in that regard is tenuous. For instance, any such claims are not common to all the Zilkha Defendants, appear to speculative, contingent, subject to interpretation of the Operating Agreement, and dependent upon the outcome of the state court litigation. For these reasons, the Court cannot conclude that a judgment against the Zilkha Defendants would amount to a judgment against the Debtor.

More importantly, even if the Zilkha Defendants could establish that a judgment against them would amount to an award against the Debtor, continuation of the state court litigation against the non-filing Zilkha Defendants will not have an immediate adverse economic consequence upon the administration of the Debtor's Estate. This Court agrees with the rationale of the Courts holding that an extension of the stay is appropriate only when necessary to protect the debtor's

---

3 Although Zilkha Fuels I is 99% shareholder of the Debtor (doc.2 ), it does not seem to be seeking automatic stay protection on that basis, but rather has cast its lot with the other Zilkha Defendants seeking collective relief. Even if Zilkha Fuels I had independently sought automatic stay protection, the same rationale set out herein would apply to it as a non-filing entity.

4 Under Alabama Law mechanic's and materialmen's liens arise by statute.

reorganization. This case is a Chapter 7 liquidation, so no reorganization is anticipated. In fact, the Trustee is already in the process of selling the Debtor's assets. (Doc.80).

As a result, any potential state court judgment against the Zilkha Defendants will not hamper any reorganization efforts or *materially* affect the administration of the case. In other words, even if the litigation led to a judgment against the Zilkha Defendants and even if such hypothetical judgment is deemed an obligation of the Debtor, it would not inhibit the Trustee's administration of the estate. The filing of another claim will not hamper the administration process or cause immediate harm to the Debtor. Further, despite the Zilkha Defendants' contention that continuation of the state court action would somehow prejudice the Debtor's ability to support the Trustee's sale efforts, divert resources or lead to duplicitous litigation, the Court finds that such allegations are mere statements unsupported by the evidence. Therefore, the Zilkha Defendants have failed to demonstrate "unusual circumstances" sufficient to justify extension of the automatic stay to such non-debtor entities.

### *Public Policy Supports Limiting the Protections of the Automatic Stay To The Debtor In Chapter 7 Proceedings*

Extension of the automatic stay to non-debtor entities in Chapter 7 and 11 bankruptcies is an extraordinary remedy. Enjoining actions against non-debtor third parties not only deprives creditors of the benefit of the bargain but also permits non-debtors to receive the major benefits of bankruptcy process without any of its burdens and safeguards. *In re Saleh*, 427 B.R. 415 (Bankr. S.D. Ohio 2010). The proponent of a stay bears the burden of establishing its need. *Schwyhart v. AmSher Collection Servs., Inc.,* 182 F. Supp. 3d 1239, 1241 (N.D. Ala. 2016)(citing *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). Orders granting or denying stay requests are reviewed under an abuse of discretion standard. *CTI–Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir.1982).

8

It is not appropriate to allow non-filing third parties use the Debtor's Chapter 7 Bankruptcy to halt or delay state court proceedings against them. The Court recognizes the automatic stay was instituted to protect bankrupt Debtors. Its scope is statutorily prescribed and is extended only in rare instances. Extending the stay to non-filing Debtor entities without substantial justification violates the letter and spirit of the Bankruptcy Code, deprives state court litigants of their opportunity for prompt redress, and interferes with the progression of the caseload in the forum in which the matter is pending. Because of such public policy concerns, requests to extend the automatic stay or enjoin pending litigation to benefit non-filing entities, must be carefully scrutinized.

Here, allowing such relief would halt pending state court litigation and prevent Hunt Industries from expeditiously pursuing its claims against non-filing entities. Although the Zilkha Defendants contend that the absence of a stay will divert the Debtor's resources and lead to duplicative litigation, the Court does not believe that there is a likelihood of imminent, substantive harm to the Estate if the stay is not extended to the Co-Defendants. The Debtor has the benefit of a stay under §362, the Chapter 7 Trustee is actively administering the Estate, the Debtor has a duty to cooperate, and the record does not reflect any pending objections to discharge or dischargeability. Based on the foregoing, the affect denying a stay could have on the Debtor is outweighed by the prejudice inuring to Hunt Industries if it is further delayed or indefinitely halted from seeking to pursue its state court claims against the non-debtor entities.[5] As such the Court further finds that imposing a stay under these circumstances would be against public policy.

---

[5] The Court recognizes that delays in litigation can jeopardize a Creditor Plaintiff's position in many ways, including, but not limited to: depletion of assets, claims of competing creditors, statutes of limitation, etc.

## CONCLUSION

For the reasons noted above, this Court finds: (1) The Motion of C. Terry Hunt Industries, Inc. ("Hunt Industries") for a Determination that the Automatic Stay Does Not Apply (doc. 92), is due to be and is hereby GRANTED and (2) the Motion to Extend Stay ("Motion to Extend")(doc. 107) filed by the Debtor and the Non-Filing Zilkha Defendants is DENIED. It is further ORDERED that nothing in this Order is intended to be or should be construed as a determination of the merits of the state court litigation.

Dated: September 20, 2021

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE